

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-61,939-01 and WR-61,939-02

### IN RE DAVID DOW AND JEFFREY R. NEWBERRY, Respondents

### ON RESPONDENTS' MOTION FOR REHEARING ON ORDER ON SHOW CAUSE
### AND CONTEMPT HEARING FOR UNTIMELY
### FILED DOCUMENTS IN APPLICANT PAREDES'S CASE
### FROM CAUSE NO. 2000-CR-6067B
### IN THE 399th JUDICIAL DISTRICT COURT
### BEXAR COUNTY

**NEWELL, J., filed a dissenting statement to the denial of Respondents' Motion for Rehearing.**

This Court entered a show cause order for Respondents David Dow and Jeffrey Newberry to appear before this Court to explain their untimely pleadings in *Ex parte Paredes*, No. WR-61,939-01. At the hearing, both respondents appeared without independent counsel; they did not provide sufficient detail explaining the delay between their conversation with their client and their subsequent work on his case. Based upon the information provided, this Court held both respondents in contempt. This Court sanctioned Respondent Dow by suspending his practice before this Court regarding any new clients for a period of one year based upon a previous warning from this Court that any further

violations of Miscellaneous Rule 11-003 could result in up to a one-year suspension of practice before this Court. This Court ordered Respondent Newberry to pay a fine in the amount of $250.00, but probated the fine for one year such that the Court would dismiss the fine if Respondent Newberry did not violate Rule 11-003 within that period.[1]

Through his newly retained counsel, Respondent Dow urges this Court to grant rehearing to reconsider our decision to hold him in contempt, as well as the sanction imposed, due to its impact upon his representation of existing clients in federal court. I would grant rehearing and withdraw this Court's sanction pending a thorough consideration of the issues Respondent Dow's counsel raises in his motion for rehearing. I would also order an affidavit from Paredes's original state habeas counsel, Michael Gross, to provide information regarding his communications with Respondent Dow concerning the post conviction filings in this case, as well as attorney Gross's explanation for why his client affirmatively requested that Gross forgo what Respondent Dow claims was a "compelling" *Wiggins* claim. Consequently, I dissent to this Court's denial of the motion for rehearing.

Filed: February 25, 2015
Publish

---

[1]Respondent Newberry does not appear to take issue with this Court's order.